IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>NICHOLAS DEAN MACNEIL,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION DENYING WITHOUT PREJUDICE MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:19-cr-93-TC |

Pro se defendant Nicholas Dean MacNeil filed a motion for compassionate release under 18 U.S.C. § 3582, asking the court to reduce his sentence in the custody of the United States Bureau of Prisons (BOP) to time served.  (See Dec. 28, 2020 Letter to Judge Tena Campbell, ECF No. 1267.)[1]  Because he has not exhausted his administrative remedies, the motion is denied without prejudice.

## ANALYSIS

Mr. MacNeil brings his motion under 18 U.S.C. § 3582, as amended by the First Step Act[2] (often referred to as the compassionate release statute).  According to the statute, the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant

---

[1] The court treats Mr. MacNeil's letter as a motion under § 3582.  The court received Mr. MacNeil's filing on December 28, 2020, but because he sent it directly to chambers in the form of a letter, the court did not docket it as a motion until January 22, 2021.

[2] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

such reduction ... and that such a reduction is consistent with applicable policy statements by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

Before Congress passed the First Step Act, only the BOP could bring a motion under § 3582 requesting that the court reduce a prisoner's sentence.  Now the court may consider the issue either upon a motion from the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights" with the BOP.  18 U.S.C. § 3582(c)(1)(A).  If the BOP has not filed a motion on the defendant's behalf, the defendant, to be eligible for the court's consideration of his motion for release under the Act, must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  Id.  In other words, the defendant must request a motion from the BOP prison's warden, and if the BOP does not file such a motion within thirty days of receiving the request, the defendant may file a motion on his own behalf.

Here, Mr. MacNeil does not provide any sworn statement or other evidence that he has followed the statute's requirement for exhaustion of administrative remedies.  Because exhaustion is a prerequisite to this court's consideration of the motion, the court denies his motion without prejudice.  If Mr. MacNeil files another motion with proof that he has satisfied the statute's exhaustion criteria, the court will consider the merits of his request.

SO ORDERED this 10th day of February, 2021.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge